UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OMAR HERNANDEZ,

Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:24-CV-3157

*Appearances:*
*For the Plaintiff:*
CHRISTOPHER JAMES BOWES
Law Office of Christopher James Bowes
54 Cobblestone Drive
Shoreham, NY 11786

*For the Defendants:*
JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
By: REBECCA H. ESTELLE
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Christopher James Bowes, counsel for Omar Hernandez moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the amount of fees requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).

Hernandez filed suit in this Court challenging the Commissioner's decision to reject his application for disability insurance benefits under the Social Security Act. Dkt. 1. Hernandez retained Bowes and entered a contingency fee arrangement with him, whereby they agreed that Bowes's fee would be 25% of retrospective benefits payable to Plaintiff, offset by fee awards pursuant to the EAJA. Dkt. 19, Ex. A. The Court granted Hernandez's motion, reversing the Commissioner's decision, remanding and ordering the Commissioner to vacate the

Administrative Law Judge's decision and issue a fully favorable decision finding the Plaintiff disabled as of October 31, 2014, and awarded Bowes $8,771.00 for an attorney's fees pursuant to the EAJA. Dkt. 11; Dkt. 16. Bowes received notice of Plaintiff's award on July 25, 2026. Bowes Decl., Dkt. 19, ¶ 33. Six days later, on July 31, 2026, Bowes moved for a fee award pursuant to § 406(b) less the $8,771.00 already awarded. Dkt. 18.

§ 406(b)(1)(A) allows the Court to approve a "reasonable fee … not in excess of 25 percent of the total of the past-due benefits[.]" When a contingency agreement is involved, like here, the Second Circuit has instructed courts to 1) determine whether the contingency percentage is within the 25% cap, 2) whether there has been fraud or overreaching in making the agreement, and 3) whether the requested amount is so large as to be a windfall to the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).

Under the "windfall" prong, courts consider 1) the ability and expertise of the lawyers, 2) the nature and length of the professional relationship with Plaintiff, 3) the satisfaction of the plaintiff, and 4) the uncertainty of the award of benefits and effort it took to achieve that result. *Id.* at 854-855. In doing so, the Second Circuit noted that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

Here, the retainer agreement between Bowes and Hernandez provides for a 25% contingency fee, within the legal limit. Dkt. 19, Ex. A. The Government does not claim that any fraud or overreaching has occurred, nor does the Court find any evidence of fraud or overreaching. Dkt. 21. The only question left is whether $48,236.25 as a fee for Bowes is a windfall.

Having considered those factors, the Court finds that the full 406(b) amount of $48,236.25 is not a windfall. Considering 34.7 hours spent, an effective hourly rate of $1,390.09 is within the

amount other courts in the circuit have found reasonable. *See Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting cases).

Courts generally order refund of EAJA award to Plaintiff once Plaintiff's counsel succeeds in an award of fees under § 406(b). *See* Munoz, 2023 WL 5310742, at *3. Here, Bowes requests a net award, representing the full § 406(b) award less the EAJA award, so the obligation to refund the plaintiff is accounted for. *See Kazanjian v. Astrue,* No. 09 CIV. 3678 BMC, 2011 WL 2847439, at *3 (E.D.N.Y. July 15, 2011); *Casella v. Comm'r of Soc. Sec. Admin.*, No. 18 CV 6414 (LDH)(RML), 2025 WL 4664739, at *5 (E.D.N.Y. July 10, 2025).

Accordingly, Plaintiff's motion for attorney's fees in the amount of $48,236.25, less $8,771.00 previously received under EAJA, for a total of $39,465.25, is granted.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 15, 2026